*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

**Alma Minerva ONTIVEROS DE CANO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

---

Gilberto Cano Lozoya, Petitioner,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 04–70104, 04–70108.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2005.*

Filed Nov. 28, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Michael Franquinha, Law Office of Michael Franquinha, Phoenix, AZ, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

## MEMORANDUM **

In this consolidated appeal, Gilberto Cano Lozoya and Alma Minerva Ontiveros De Cano, husband and wife, and natives and citizens of Mexico, challenge the Board of Immigration Appeals' (BIA) denial of their petition to reopen their application for suspension of deportation due to extreme hardship to their United States citizen children.

■ 1. We lack jurisdiction over this petition challenging the BIA's discretionary denial of the motion to reopen for further consideration of their application for suspension of deportation, because 8 U.S.C. § 1252(a)(2)(B)(i) "bars jurisdiction ... to review the denial of a motion to reopen that pertains only to the merits basis for a previously-made discretionary

determination under [8 U.S.C. § 1229b]." [1] *Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006). As in *Fernandez,* Petitioners' proffered additional evidence was "either cumulative or pertained to the inevitable passage of time between [the] removal hearing and the BIA's adjudication of [the] appeal," and, therefore, "did not alter the core of [their] claim," precluding jurisdiction. *Id.* at 603.

■ 2. We also lack jurisdiction over petitioners' claim that the BIA abused its discretion by not issuing a decision that fully explains the reasons for denying the motion to reopen because "[o]ur conclusion that we lack jurisdiction to review [petitioners'] claim regarding the BIA's determination that [they] did not make out a prima facie case of hardship forecloses this argument." *Id.* at 604.

■ 3. Although we generally have jurisdiction to review constitutional due process claims, *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005), our jurisdiction arises only if the asserted due process claim is colorable. *See id.* (requiring "at least a colorable constitutional violation" before reviewing due process challenges) (citation omitted). Because we have determined that Petitioner's claim that the BIA failed to articulate its reasoning is precluded by *Fernandez,* the claim is not colorable. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) ("To be colorable ... [a] claim must have some possible validity." (citations and internal quotation marks omitted)). The claim that

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Petitioners claimed hardship under 8 U.S.C. § 1254, the predecessor to § 1229b. Section 309(c)(4)(E) of IIRIRA precludes review of certain discretionary decisions of the BIA,

including hardship decisions under 8 U.S.C. § 1254. *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1223 (9th Cir.2002) "The kinds of discretionary determinations covered by § 309(c)(4)(E) are ... the same as those covered by § 1252(a)(2)(B)(i)." *Medina–Morales v. Ashcroft,* 371 F.3d 520, 527 (9th Cir.2004).

the BIA changed the evidentiary standard for reopening without providing notice or an opportunity for Petitioners to respond also fails, as there is no evidence in the record to support Petitioners' assertion. *See Fernandez,* 439 F.3d at 603 (denying Petitioner's due process claim when the evidence in the record was inadequate to support her assertion.).

4. Any stay of the voluntary departure period the INS granted petitioners will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION DISMISSED in part, DENIED in part.**

*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*